

FILED
JUL 14 2025
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON

**UNITED STATES OF AMERICA**

v.                                               Criminal No. 3:25-cr-00121
                                                 18 U.S.C. § 1344
**TODD M. CHAPMAN**

### INFORMATION

The Acting United States Attorney charges:

#### Background

At all relevant times:

*Todd M. Chapman*

1. The defendant, TODD M. CHAPMAN ("CHAPMAN"), was a resident of Huntington, Cabell County, West Virginia and was employed as the office manager for Tyson & Tyson Law Firm (the "Tyson Law Firm") based in Huntington, Cabell County, West Virginia.

*The Tyson Law Firm*

2. The Tyson Law Firm was organized as a sole proprietorship with attorney David Tyson as the only practicing attorney in the law firm. The Tyson Law Firm maintained bank accounts at Huntington Federal Savings Bank, among other financial institutions. David Tyson was the sole account owner of the Tyson Law Firm bank accounts.

3. David Tyson authorized CHAPMAN to write checks from the Tyson Law Firm bank accounts for the legitimate business expenses of the Tyson Law Firm and David Tyson.

### General Manner and Means for Carrying Out the Scheme

4. As part of the scheme to defraud, CHAPMAN embezzled money from the Tyson Law Firm bank accounts (1) awarded to guardian ad litem clients; (2) held in trust by estate clients; and (3) received from the Small Business Administration during the COVID-19 pandemic.

5. CHAPMAN funneled the money through Tyson Law Firm operating accounts to attempt to conceal or disguise the embezzlement.

6. CHAPMAN forged the checks he wrote to himself with the signature of David Tyson to make it appear to financial institutions that the checks were authorized by David Tyson.

### R.S. Settlement Funds Embezzlement

7. R.S. was a minor who received a $29,000 settlement for an injury sustained as an infant. The Tyson Law Firm was appointed as guardian ad litem for R.S.

8. On July 12, 2018, the Tyson Law Firm opened a client trust account for R.S. at Huntington Federal Savings Bank (x3499), with an initial deposit of $20,257.20.

9. On the below-listed dates, CHAPMAN wrote unauthorized checks in the amounts listed below from the R.S. trust account (x3499) with the forged signature of David Tyson for the purpose of embezzling the R.S. settlement funds:

| Check Date | Amount | Deposit Date |
|---|---|---|
| 07/13/2018 | $10,000 | 07/13/2018 |
| 07/12/2018 | $8,000 | 07/13/2018 |
| 07/17/2018 | $2,000 | 07/17/2018 |

10. On the above-listed dates, CHAPMAN cashed and/or deposited the above-listed checks written from the R.S. trust account (x3499) into the Tyson Law Firm operating account at Huntington Federal Savings Bank (x3432) for the purpose of concealing and disguising CHAPMAN's embezzlement of those funds.

11. On the below-listed dates, CHAPMAN wrote unauthorized checks to himself with the forged signature of David Tyson from the Tyson Law Firm operating account (x3432) in the below-listed amounts for the purpose of embezzling the R.S. settlement funds:

| Check Date | Amount | Deposit Date | Deposit Account |
| --- | --- | --- | --- |
| 07/12/2018 | $1,953.64 | 07/12/2018 | United Bank x5168 |
| 07/12/2018 | $2,500.00 | 07/12/2018 | United Bank x5168 |
| 07/13/2018 | $5,000.00 | 07/13/2018 | United Bank x5168 |
| 07/13/2018 | $2,500.00 | 07/13/2018 | United Bank x5168 |
| 07/13/2018 | $1,815.00 | 07/13/2018 | United Bank x5168 |
| 07/20/2018 | $537.96 | 07/20/2018 | United Bank x5168 |
| 07/20/2018 | $1,532.24 | 07/20/2018 | United Bank x5168 |

12. On the above-listed dates, CHAPMAN cashed and/or deposited the above-listed checks written from the Tyson Law Firm operating account (x3432) into his personal checking account at the above-listed financial institution. CHAPMAN spent the embezzled money for his personal enjoyment and lifestyle.

## CHARGE

13. On or about July 13, 2018, at or near Huntington, Cabell County, West Virginia, and within the Southern District of West Virginia, for the purpose of executing and attempting to execute the scheme to defraud a financial institution and to obtain money owned by and under the custody and control of a financial institution, that is, Huntington Federal Savings Bank, by means of materially false and fraudulent pretenses, representations, and promises, defendant TODD M. CHAPMAN conducted and caused to be conducted a financial transaction, that is a $5,000 withdrawal from Huntington Federal Savings Bank (x3432) caused by the deposit of Check "61002" into United Bank (x5168).

14. As a result of defendant TODD M. CHAPMAN's fraudulent scheme, the above-listed financial institutions were exposed to possible financial loss.

15. As a result of defendant TODD M. CHAPMAN's fraudulent scheme, defendant TODD M. CHAPMAN obtained moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of Huntington Federal Savings through his false or fraudulent pretenses, representations, and promises.

16. Huntington Federal Savings Bank was a financial institution, as the term is defined in 18 U.S.C. § 20, with branches and ATMs located within the Southern District of West Virginia and elsewhere. Deposits at these financial institutions were insured by the Federal Deposit Insurance Corporation.

In violation of Title 18, United States Code, Section 1344.

**FORFEITURE**

The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2).

Pursuant to 18 U.S.C § 982(a)(2) and Rule 32.2 of the Federal Rules of Criminal Procedure, upon conviction for the offense in violation of 18 U.S.C. § 1344, as set forth in this single-count Information, the defendant, TODD M. CHAPMAN, shall forfeit to the United States all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(2) and Federal Rule of Criminal Procedure 32.2.

LISA G. JOHNSTON
Acting United States Attorney

By: _____
ANDREW J. TESSMAN
Assistant United States Attorney